**STATE of Oklahoma ex rel., OKLA-HOMA BAR ASSOCIATION, Complainant,**

v.

**Mark Wesley MILLER, Respondent.**

**SCBD No. 3986.**

Supreme Court of Oklahoma.

June 27, 1994.

ORDER

HODGES, Chief Justice.

Before this Court is an affidavit filed by Mark Wesley Miller in the above-styled bar disciplinary action, pursuant to Rule 8.1 Rules Governing Disciplinary Proceeding, 5 O.S.1991, ch. 1, App. 1A, requesting that he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law, and Complainant's Application for Order Approving Resignation Pending Disciplinary Proceedings. Upon consideration of the matter we **FIND:**

1. Respondent Mark Wesley Miller executed his resignation pending disciplinary proceedings on April 19, 1994.

2. Respondent's resignation was freely and voluntarily tendered; he was not acting under coercion or duress and he was fully aware of the consequences of submitting his resignation.

3. Respondent was aware that the following grievances were lodged with the Office of the General Counsel of the Oklahoma Bar Association and are presently being investigated:

(a) DC 94–74. An investigation arising from criminal charges which were filed against Respondent in LeFlore County and Mayes County, Oklahoma, to wit:

(1) *State of Oklahoma v. Mark Miller*, District Court of LeFlore County, CRF–93–82, Wherein he was convicted of drug trafficking and was sentenced on April 12, 1994, to a term of four years in prison and ordered to pay a fine of $25,000.00. Respondent is not appealing this conviction.

(2) *State of Oklahoma v. Mark Miller*, District Court of Mayes County, CM–93–177. Respondent was charged with one county of unlawful possession of marijuana. Charge is pending.

(3) *State of Oklahoma v. Mark Miller*, District Court of Mayes County, CM–93–389. Respondent was charged with one count of unlawful possession of marijuana and one count of unlawful posses-

sion of drug paraphernalia. Charges are pending.

(b) DC 94–111. An investigation resulting from Respondent's representation of a client in a criminal matter in the District Court of McIntosh County wherein a mistrial was declared at the conclusion of the case and prior to its submission to the jury due to ineffective assistance of counsel.

4. Respondent was aware that the burden of proof regarding the aforementioned complaints rests upon the Oklahoma Bar Association. Respondent waived any and all rights to contest the allegations.

5. Respondent was aware that the complaints lodged and being investigated concerning his conduct, if proven, would constitute violation of the Oklahoma Rules of Professional Conduct and the Oklahoma Rules Governing Disciplinary Proceedings.

6. Respondent has agreed to comply with Rule 9.1, Rules Governing Disciplinary Proceedings, and acknowledges that he may be reinstated to practice law only upon compliance with the conditions and procedures prescribed by Rule 11, Rules Governing Disciplinary Proceedings.

7. Respondent recognizes and agrees that he may not make application for reinstatement to membership in the Oklahoma Bar Association Prior to expiration of five years from the date of this order.

8. Respondent acknowledges that as a result of his conduct that Client Security Fund may receive claims from his former clients.

9. Respondent has agreed to reimburse the Client Security Fund the principal amounts and applicable statutory interest for any claims the Oklahoma Bar Association should approve, with the payments being made prior to the filing of any application for reinstatement.

10. Respondent agrees that no costs have been incurred by the Oklahoma Bar Association in the investigation of the above stated matters.

11. The resignation pending disciplinary proceedings executed by Respondent is in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, ch. 1, App. 1A.

12. Respondent's name and address appear on the official roster maintained by the Oklahoma Bar Association as: Mark Wesley Miller, OBA # 6221, P.O. Box 317, Tahlequah, Oklahoma 74465.

13. Respondent's resignation should be approved.

**IT IS THEREFORE ORDERED THAT** Complainant's application and Respondent's resignation be approved.

**IT IS FURTHER ORDERED** that Respondent's name be stricken from the Roll of Attorneys, and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to the lapse of five years from the date of this order.

**IT IS FURTHER ORDERED** that Respondent comply with Rule 9.1 of the Rules Governing Disciplinary Proceeding, 5 O.S. 1991, ch. 1, App. 1A.

**DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE.**

All Justices concur.